Francis X. Conlon, J.
In Penthouse Properties v. 1158 Fifth Ave. (256 App. Div. 685) the Appellate Division in this department upheld the validity of a restriction requiring the consent of the board of directors to the transfer of stock and a proprietary lease, in the case of a co-operative apartment house. The court pointed out that the law was well settled that a landlord could validly prohibit a transfer by a tenant of his lease, except with the landlord’s consent, and that the landlord could withhold such consent unreasonably. In view of the special purposes of a co-operative apartment house and the fact that (p. 692) “ The primary interest of every stockholder was in the long-term proprietary lease, alienation of which the corporation had the power to restrain. (See authorities above cited.) ” And the fact that “ The stock was incidental to that purpose ”, (p. 692) the Appellate Division applied the rule relating to *775 transfers of leases rather than the rules relating to alienation of corporate stock. Although, as the court pointed out, the case before it did not involve any question as to whether the board of directors could act arbitrarily in refusing its consent to a transfer, the court’s reasoning would appear to require a holding that the consent could be arbitrarily withheld. The stock being merely ‘ ‘ incidental ’ ’ to the long-term proprietary lease, the validity of the restriction on alienation should be governed by the rule applicable to leases, which permits a landlord to deny consent to a transfer, however unreasonably. It is to be noted that the refusal of consent by the board of directors does not necessarily prevent a proposed transfer, for the same may validly be effected on obtaining the approval of two thirds of the stockholders, the tenants of the co-operative apartment house. The argument that a tenant, who is unable to obtain the necessary approval to a transfer of his lease and stock, may suffer serious hardship, is equally applicable to a. long-term lessee of a commercial building, who may have invested substantial sums in improvements and fixtures and whose annual rental may be very substantial. Such a tenant can similarly suffer great hardship if his landlord refuses to consent to a transfer of the lease and thereby compels the' tenant to continue to pay the rent until the end of the term,, although he may no longer have any use for the property. Notwithstanding this hardship, the law concededly permits a landlord to withhold his consent arbitrarily, unless the lease requires the refusal of consent to be based upon reasonable grounds.
For the reason indicated, this motion for a temporary injunction is denied.